# Supreme Court of the Navajo Nation

**Lucy B. Ben, Appellant,**

v.

**Tom Burbank, Appellee.**
**Decided September 2, 1996**

## OPINION

Before YAZZIE, Chief Justice, AUSTIN and CADMAN, Associate Justices.

McQueen S. Redhouse, Esq., and Helen Ann Yunis, Esq., DNA-People's Legal Services., Inc., Chinle, Navajo Nation (Arizona), for the Appellant; and Tom Burbank, Chinle, Navajo Nation (Arizona), Appellee *pro se*.

Opinion delivered by CADMAN, Associate Justice.

This opinion clarifies our decision filed on March 9, 1996. It also denies the request to reconsider that decision.

I

The parties before the Court are related to each other under Navajo custom. Lucy B. Ben (Appellant), through the Veterans Administration, contracted with Tom Burbank (Appellee) to construct a house. In 1990 the parties entered into a separate oral agreement for additional construction work on the house. The Appellee completed the work and sent invoices to Appellant but she refused to pay.

On August 4, 1994, approximately four and one-half years after the parties entered into the oral agreement, Appellee filed a small claims complaint with the Chinle District Court against Appellant, seeking to collect a debt allegedly owed to him. On March 23, 1995, a small claims judgment was entered in favor of Appellee for $403.50. On June 22, 1995, Appellant appealed the small claims judgment to this Court.

On January 5, 1996, Appellant filed a brief in support of her appeal, arguing that the Chinle District Court had applied the wrong statute of limitations, and that the Appellee should have been barred from bringing his claim. On March 9, 1996, this Court dismissed Appellant's appeal in the interest of justice stating that "[I]t would be a miscarriage of justice to tamper with the decision of the district court's small claims judgment."

The issue before the Court is whether it was fundamentally unfair to dismiss the Appellant's appeal without giving her an opportunity to raise arguments against the dismissal.

## II

Appellant claims that this Court did not have the authority to dismiss her appeal without a motion from either party. Appellant further argues that her rights to due process of law were violated when she was not given an opportunity to argue against the proposed dismissal. We disagree.

Parties in a small claims proceeding waive all rights to appeal except on the sole ground that "substantial justice has not been done between the parties according to the rules and principles of substantive law." Rule 20 of the Navajo Nation Rules for Small Claims Proceedings (November 22, 1993). This Court, upon reviewing the appellate record, found that the Chinle District Court provided both parties with substantial justice, under Navajo common law, and accordingly dismissed the appeal.

Appellant's rights were not violated when we dismissed her appeal as this Court has discretionary authority to accept or deny an appeal. 7 N.N.C. § 801(b). "The rights protected in the Navajo Due Process Clause are fundamental, but they are not absolute, limitless, or unrestricted." *In re Estate of Plummer*, 6 Nav. R. 271, 275 (1990). As we stated, the rights created under the Due Process Clause are not absolute, which gives the Court discretion in applying it.

We will not discuss the other issues raised in the petition for reconsideration because we see that our decision was made in the interests of justice. "Our law contains a common rule based upon the principle that courts are to be just and do justice." *Zion's First National Bank v. Joe*, 4 Nav. R. 92, 93 (1983). We dismissed the appeal based on that underlying principle of doing justice and it was accomplished by both our decision and the district court's decision. However, we understand that a reason for our decision must be given and we now discuss why we believe that substantial justice was obtained by the small claims judgment.

## III

When we dismissed this appeal, it was because we saw the issue as being whether, under Navajo comon law, substantial justice was obtained in the Small Claims Proceeding, and not whether the district court may have applied the wrong statute of limitations. We applied this issue because the parties transacted their business using customary ways, the parties are traditional Navajos, and Appellee argued for use of the Navajo principle of *k'e* in deciding this appeal.

Navajo common law determines whether substantial justice was obtained in the small claims proceeding. In *Navajo Nation v. Platero*, this court stated:

> Since time immemorial the Navajo people have applied their customs and traditions in dispute resolution. Even with the Navajo Court of Indian Offenses, the Navajo judges of that court, under often adverse circumstances, continued to apply Navajo customs and traditions in cases brought before them. Navajo courts of today are no exception, they apply customs and tra-

ditions as the laws of preference.

6 Nav. R. 422, 424 (1991). The Navajo courts apply Navajo customs and traditions, or Navajo common law, before they apply any other form of law. In this case, Navajo common law supports our decision to dismiss the appeal.

Navajo common law is the first law of our courts and we will abide by it whenever possible. Therefore, we agree with Appellee that the Navajo way of *k'e* is the prevailing law to be applied. *K'e* recognizes "your relations to everything in the universe," in the sense that Navajos have respect for others and for a decision made by the group. It is a deep feeling for responsibilities to others and the duty to live in harmony with them. It has to do with the importance of relationships to foster consensus and healing. It is a deeply-felt emotion which is learned from childhood. To maintain good relations and respect one another, Navajos must abide by this principle of *k'e*.

"We must also remember that the Navajo common law is also our constitution, and claims under it are subject to considerations of the community good and Navajo perceptions of moral right." *In re Estate of Plummer*, 6 Nav. R. at 276. This appeal was initially dismissed based on furthering this concept of community good and moral right. Navajo common law requires one to follow through on a valid agreement made with another person. Appellant was therefore obligated to pay Appellee for the work he did on her house.

Appellant admits there was an oral agreement and Navajo policy dictates that she had a duty to fulfill her promise to Appellee. "Certainly the Navajo Nation's policy is not to encourage people to breach oral contracts or written contracts. It is against Navajo policy for people to literally breach their contracts." *Anderson Petroleum Serv. Inc. v. Chuska Energy & Petroleum Co.*, 4 Nav. R. 187, 191 (W.R. Dist. Ct. 1983). This sets forth the Navajo traditional concept that when people make promises between one another, oral or written, they should honor those promises.

The fact that the parties were related supports the position that Navajo common law should take precedence in this case. The parties may not be close relatives under Anglo standards, but they are closely related under Navajo principles governing clan relationships. "The Navajos have very strong family ties and clan ties." *In the Matter of the Interest of J.J.S.*, 4 Nav. R. 192, 194 (W.R. Dist. Ct. 1983). These parties are related by clan and Appellee trusted Appellant to pay for the work because of this relationship. Appellee also gave Appellant numerous opportunities to pay the debt owed to him, by sending her collection letters, which she did nothing about. Thus, Appellee saw the courts as his only means of relief.

"The Navajo law builds on relationships. It works because of them. [The] people's conduct is guided by family and clan relationships. Therefore, a clan is a legal 'institution,'...." Lecture by the Honorable Robert Yazzie, *Traditional Navajo Dispute Resolution In The Navajo Peacemaker Court* (August 6, 1994). Appellant is legally obligated to Appellee, not only because of their oral agreement, but also because of their clan relationship. It would be unjust and immoral

to go against such a relationship and, by breaching their agreement, Appellant has gone against it.

"The importance of his relatives to the Navaho (sic) can scarcely be exaggerated. The worst that one may say of another person is, 'He acts as if he didn't have any relatives.' Conversely, the ideal of behavior often enunciated by headmen is, 'Act as if nobody were related to you.'" *Lente v. Notah*, 3 Nav. R. 72, 80 (1982) (citing Clyde Kluckhohn and Dorothea Leighton, *The Navajo*, 100 (Rev. ed. 1974)). This brings forth the norm that one must respect his or her relatives in order to maintain social order. Appellant goes against this norm by not following through on the agreement she made with her relative, Appellee.

To maintain social order, the oral agreement made must be honored and the injured party must be compensated. The parties had a binding oral agreement which obligated Appellee to provide construction work on Appellant's house, and she, to pay for his services. She breached that oral agreement by not paying for the work. The Navajo way is to compensate the injured party, Appellee, and restore and maintain the relationship between the parties.

Even though the agreement between the parties was not reduced to writing, it does not release Appellant from her obligation to pay for the work. Most transactions within the traditional Navajo culture are based on oral agreements. To maintain this tradition, certain barter transactions are exempted from the Code. 5A Navajo Nation Code § 2-201 (1995). Appellee did not see a need to put anything in writing because of the relationship that they had as relatives. Often, this is the way oral contracts are made and enforced between traditional Navajos. A handshake usually consummates the agreement.

Appellant's brief repeatedly discussed trying to calculate the specific date the contract went into effect in order to support her argument that the district court applied the wrong statute of limitations. However, there was very little discussion as to why she was refusing to pay for the work done. It appeared that Appellant was hiding behind her statute of limitations claim in order to avoid paying for the work. This is not the Navajo way.

"[T]he end goal of Navajo justice is helping them live together well. Our Justice maxim is this: *hazho' sokee'* - stay together nicely." Lecture by the Honorable Robert Yazzie, *Traditional Navajo Dispute Resolution In The Navajo Peacemaker Court* (August 6, 1994). Considering the parties were related and the goal of Navajo justice is helping people live together, the only logical outcome would be for Appellant to compensate Appellee for the work he did to maintain a relationship between them.

"The soul of this Court is to apply Navajo Tribal law, especially where our custom and tradition are appropriate." *Sells v. Sells*, 5 Nav. R. 104, 108 (1986). By coming to this decision, uniformity and consistency will develop in Navajo law. Uniformity will develop when Navajo traditions are applied to agreements made between persons, whether it be oral or written. They will be obligated to each other to fulfill their portion of the agreement. To do otherwise is against the

basic principle of *k'e* and the one breaching the agreement will have to compensate the injured party. This will also encourage consistency in the fact that Navajo common law will be the first law applied in our courts.

The policy behind the small claims proceedings is to provide a person access to the courts without all the legal costs and hassles of seeking relief in a regular court of law. The rules for small claims proceedings provide easy access for a person seeking relief in an amount less than $2,000.00. The rules also provide a step by step process of the proceeding, that a person need not be represented by counsel to keep costs at a minimum, and the proceedings should promote flexibility and steer clear of the strict rules of practice, to encourage parties to fully participate. The small claims proceedings are intended to make it easy for a person to obtain relief and receive substantial justice, which was accomplished in this case by the Chinle District Court.

By this decision, we do not determine what the statute of limitations is for contract claims. This decision only clarifies that, according to Navajo common law, substantial justice was done by the Chinle District Court in this small claims proceeding. The petition for reconsideration is denied and our order dismissing Appellant's appeal is affirmed.